MEMPHIS ST. RY. CO. *v.* J. DUDLEY CARROLL.*

(*Jackson,* April Term, 1919.)

STREET RAILROADS. Contributory negligence. Presumption. Jury question.

Where plaintiff's deceased was killed on a cloudy misty morning by a street car, nobody seeing accident, presumption that deceased exercised due care was rebuttable, and court erred in refusing to submit contributory negligence to jury.

Cases cited and approved: Texas & Pacific Ry. Co. v. Mary Gentry, 163 U. S., 353; Baltimore & Potomac R. R. Co. v. Landrigan, 191 U. S., 461; Wabash Railroad Co. v. Rosa De Tar, 141 Fed., 932; Tomlinson v. Chicago, M. & St. P. Ry. Co., 134 Fed 233; Rollins v. Chicago, M., St. P. Ry. Co., 139 Fed. 639; St. Louis S. F. R. Co. v. Cundieff, 171 Fed., 319.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. J. P. YOUNG, Judge.

McKINNEY BARTON, for plaintiff in error.

JNO E. BELL and R. H. STICKLEY, for defendant in error.

MR. JUSTICE BACHMAN delivered the opinion of the Court.

Shortly after 6 o'clock on the morning of January 5, 1917, L. R. Scudder was struck by a street car belonging

---

*Authorities passing on the question as to presumption of care of person killed at railroad crossing, are collated in a note in 4 L. R. A. (N. S.), 344.

to the Memphis Street Railway Company, receiving injuries from which he died about midnight of the same day. The accident occurred at or near the northeast corner of Chelsea avenue and Beacon streets, east of the corporate limits of the city of Memphis. From the record no one saw the deceased immediately prior to or at the time he was struck; the jar or impact of the car with an obstruction was the first intimation to those aboard that an accident had taken place. The morning was dark, cool, and misty. The car causing the injury and subsequent death was being operated eastward from ten to thirty miles per hour over a slightly downgrade section of track. There was no large headlight, customarily used on street cars, burning at the time; a small incandescent light showed in front and the cluster lights were burning on the inside of the car.

Suit for the wrongful death of Mr. Scudder was instituted by the duly appointed administrator, J. Dudley Carroll, and upon the trial a verdict of $15,000 was had against the railway company, which was reduced to $10,000 upon appeal to the court of civil appeals. The case is here upon petition for *certiorari* by the railway company, a number of assignments of error being directed to the action of the court of civil appeals in its affirmance of the court below.

His honor, Judge Young, was of the opinion that there being no direct testimony as to the manner of the accident, having charged the jury that the deceased was presumably in the exercise of due care for his safety at the time of the injury, this presumption was conclusive, and the question of contributory negligence of the deceased was not submissible to the jury. We deem

this one question determinative of the case, and will only consider it in our disposition of the same.

The logical effect of not submitting to the jury the question of contributory negligence, either approximate or remote, on the part of the deceased, was to find as a matter of fact that, circumstanced as he was, to look and listen would have availed nothing; that he could neither have seen nor heard the approach of the car. This we deem error. Where the physical facts and circumstances surrounding an injury are so clear and unambiguous that there could exist no reasonable difference of opinion as to their evidential force, or the natural conclusions to be drawn from them, they constitute a question of law for the determination of the court. Where, however, different conclusions as to the probative effect of facts or circumstances may be drawn, the question becomes one of fact which should be submitted to the jury. In the instant case the plaintiff was entitled before the jury to the reasonable presumption that the deceased was exercising reasonable care at the time of the injury causing death, this presumption arising out of the natural instinct of self-preservation, was one of fact, disputable, and stood in his behalf only so long as consistent with other evidence introduced in connection with the injury.

It appeared from the testimony of witnesses for the plaintiff that the car, at the time of the injury, could have been seen and heard for certain short distances. What weight should be given to this evidence, what effect it might have had in rebutting the presumption in the plaintiff's favor, is not for the court to say, a question of fact arose of which the jury alone was the

sole judge under proper instruction from the court. On the question of due care on the part of the deceased, the plaintiff, because of the presumption of fact arising in favor of his intestate, occupied no higher plane in the submission of his case to the jury than did the defendant in its insistence of the immediate facts and circumstances.

While it is true that in the often cited and much-discussed case of *Texas & Pacific Ry. Co.* v. *Mary Gentry,* 163 U. S., 353, 16 Sup. Ct., 1104, 41 L. Ed., 186, a refusal to charge special instructions touching the contributory negligence of the deceased was held not to be error, it is likewise found that subsequent decisions of the supreme court and other appellate courts are not in uniform accord with the Gentry Case, and we are of the opinion that these, in line with the weight of authority, properly submit the question of contributory negligence where pregnant circumstances, tending to rebut the presumption of due care, are susceptible of differing conclusions, or declare contributory negligence as a matter of law where there can exist no alternative of opinion. *Baltimore & Potomac R. R. Co.* v. *Landrigan,* 191 U. S., 461, 24 Sup. Ct., 137, 48 L. Ed., 262; *Wabash Railroad Co.* v. *Rosa De Tar,* 141 Fed., 932, 73 C. C. A., 166, 4 L. R. A. (N. S.), 352; *Tomlinson* v. *Chicago, M. & St. P. Ry. Co.,* 134 Fed., 233, 67 C. C. A., 218; *Rollins* v. *Chicago, M. & St. P. Ry. Co.,* 139 Fed., 639, 71 C. C. A. 615; *St. Louis & S. F. R. Co.* v. *Cundieff,* 171 Fed., 319, 96 C. C. A., 211.

On the facts of this case the circuit court was correct in refusing to grant peremptory instructions, but for its failure to charge the jury upon the questions of

approximate or remote contributory negligence of the deceased, the case will be reversed and remanded for a new trial. The suggestion of a remittur by the court of civil appeals did·not cure that which we conceive to have been error in the disposition of the case below; such is only permissible when the fundamental contentions of both parties have been properly placed before the jury.

The costs of the cause will be paid by defendant in error.